**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LOUISE FRISCO,<br><br>            Plaintiff,<br><br>    vs.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>            Defendant. | Case No.: C-11-03284-YGR<br><br>**ORDER DENYING MOTION FOR SUMMARY JUDGMENT AND NOTICE OF CASE MANAGEMENT CONFERENCE** |

On December 28, 2011, Defendant Midland Credit Management, Inc. filed a Motion for Summary Judgment. Dkt. No. 18. Plaintiff opposes this motion under Federal Rule of Civil Procedure 56(d)(2) and requests additional time to conduct discovery in order to gather more evidence. Dkt. No. 20. In its reply, Defendant argues that Plaintiff has not identified the specific evidence she seeks, why she believes it exists, nor explained how such evidence is essential to her opposition to summary judgment. Dkt. No. 25. Plaintiff recently filed a Request to Submit Additional Evidence and Request to File Sur-Reply in Opposition to Defendant's Motion for Summary Judgment. Dkt. No. 31.

Having considered the parties' submissions, and good cause appearing, the Court denies without prejudice Defendant's Motion for Summary Judgment.[1]

**I.      BACKGROUND**

Plaintiff filed this action on July 5, 2011 alleging violations of the Fair Debt Collection Practices Act and Rosenthal Fair Debt Collection Practices Act. Dkt. No. 1. She alleges that Defendant's abusive collection practice relate to a Bank One account. *Id.* Defendant filed its answer on August 16, 2011. Dkt. No. 5. The fact discovery cutoff is July 9, 2012, and the expert discovery

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that this motion, which has been noticed for hearing on February 14, 2012, is appropriate for decision without oral argument. Accordingly, the Court VACATES the hearing set for February 14, 2012.

cutoff is September 26, 2012. Dkt. No. 27. The deadline to hear dispositive motions is September 11, 2012. *Id.* A trial has been set for December 17, 2012. *Id.*

## II.  LEGAL STANDARD

Summary judgment is properly granted when no genuine and disputed issues of material fact remain, and when, viewing the evidence most favorably to the non-moving party, the movant is clearly entitled to prevail as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Eisenberg v. Ins. Co. of N. Am.*, 815 F.2d 1285, 1288-89 (9th Cir. 1987).

The moving party bears the burden of showing that there is no material factual dispute. Therefore, the court must regard as true the opposing party's evidence, if supported by affidavits or other evidentiary material. *Celotex*, 477 U.S. at 324; *Eisenberg*, 815 F.2d at 1289. The court must draw all reasonable inferences in favor of the party against whom summary judgment is sought. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991).

Material facts which would preclude entry of summary judgment are those which, under applicable substantive law, may affect the outcome of the case. The substantive law will identify which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Federal Rule of Civil Procedure 56(d) provides that the court may deny or continue a motion for summary judgment "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." The requesting party must show that (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery, (2) the facts sought exist and (3) the sought-after facts are essential to oppose summary judgment. *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortgage Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). Where a summary judgment motion is filed early in the litigation before a party has had a realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant a Rule 56(d) motion "fairly freely." *Burlington Northern Santa Fe R. Co. v. Assiniboine and Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003).

### III. DISCUSSION

As a preliminary matter, the Court addresses Plaintiff's Request to Submit Additional Evidence and Request to File Sur-Reply in Opposition to Defendant's Motion for Summary Judgment. Dkt. No. 31. The Court notes that Plaintiff has, by the request itself, already submitted additional evidence and a sur-reply. The Court has considered the argument and supporting declaration filed with the Request in this Order, and as such, denies Plaintiff's Request to submit any additional documents or evidence.

Defendant's primary argument in support of its motion is that Plaintiff must prove that the Bank One account is a "debt" as defined by the FDCPA and RFDCPA, meaning it was incurred "primarily for personal, family or household purposes." Dkt. No. 18 ("Mot.") at 1, 3, 5 & 8. Because she has admitted in discovery that she cannot do this, Defendant asserts that summary judgment is proper. Plaintiff responds that she needs more time to conduct additional discovery and that Defendant has not sufficiently responded to her discovery requests. Dkt. No. 20 ("Opp.") at 2, 4–5; Dkt. No. 31 ("Plaintiff's Request") at 2; Dkt. No. 31-1 ("Friedman Request Decl.") ¶ 5. Plaintiff's counsel stated that "Plaintiff has not yet conducted any depositions of Defendant's employees or agents but intends on doing so. In conducting these depositions, we intend to ascertain information regarding the nature of the debt which will address the issues raised in Defendant's motion for summary judgment." Dkt. No. 20-1 ("Friedman Opp. Decl.") ¶ 12; *see also* Opp. at 6. In addition, Plaintiff now "also intends on issuing subpoenas to the original creditor to determine the nature of the debt." Friedman Request Decl. ¶ 7. Although submitted before Plaintiff's Request, Defendant has argued that discovery regarding how it obtained the debt, its general procedures in obtaining and verifying debts, and depositions of Defendant's employees will not shed light on how the debt was incurred or the nature of the debt. Dkt. No. 25 ("Reply") at 3–4. Further, Defendant states that "[n]either party has any evidence regarding why the charges on the Account were incurred." Reply at 6.

The Court finds that Plaintiff's proposed additional discovery, as set forth in both her Opposition and Request, identifies specific facts to be sought and she has not yet had an opportunity to pursue that discovery. That discovery, particularly the subpoena to the original creditor, is directly

relevant to the issue of the "debt" and, thus, essential in opposing the motion for summary judgment. Further, the Court believes the parties should further meet and confer over what Plaintiff believes are non-substantive interrogatory responses and the production of non-responsive documents. *See* Friedman Reply Decl. ¶ 5. For these reasons, Defendant's Motion for Summary Judgment is premature and denied without prejudice.

### IV. CONCLUSION

Defendant's Motion for Summary Judgment is DENIED without prejudice to Defendant re-filing the motion. However, Defendant is directed to the Court's Standing Order in Civil Cases, Section 9 regarding a pre-filing conference for summary judgment motions.

Further, pursuant to Fed. R. Civ. P. 16(b) and Civil L. R. 16-10, a Case Management Conference shall be held in this case on Monday, March 12, 2012, at 2:00 p.m. The parties shall file a joint case management conference statement fourteen days in advance of the case management conference date. In addition, the parties are ordered to meet and confer on outstanding discovery issues and ADR, and to file an updated case management statement regarding the same. Case management conferences are intended to be substantive and productive. Accordingly, each party shall be represented at the Case Management Conference by counsel with authority to enter into stipulations and make admissions pursuant to Fed. R. Civ. P. 16(a) and (c), as well as fully prepared to address all of the matters referred to in the CAND CMC Order and Civil L.R. 16-10(b). Failure to do so shall be considered grounds for sanctions.

**IT IS SO ORDERED.**

Dated: February 9, 2012

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**