UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LOUISE FRISCO,

    Plaintiff,

vs.

MIDLAND CREDIT MANAGEMENT, INC.,

    Defendant.

Case No.: C-11-03284-YGR

**ORDER DENYING MOTION FOR LEAVE OF COURT TO AMEND THE COMPLAINT**

On March 7, 2012, Plaintiff Louise Frisco filed a Motion for Leave of Court to Amend the Complaint ("Motion"). (Dkt. No. 35 ("Mot.").) In her Motion, Plaintiff seeks to add three-class based claims to her individual unfair debt collection lawsuit, all relating to Defendant's allegedly secret recordings of telephone calls made to Plaintiff and others in California without their consent. Plaintiff seeks to have this Court exercise supplemental jurisdiction of these California class claims. On March 21, 2012, Defendant Midland Credit Management, Inc. filed an Opposition to Plaintiff's Motion for Leave of Court to Amend the Complaint. (Dkt. No. 40 ("Opp.").) Plaintiff filed her Reply on March 28, 2012. (Dkt. No. 42 ("Reply").)

Having considered the parties' submissions, the Court **DENIES** Plaintiff's Motion for Leave of Court to Amend the Complaint.[1]

## I. BACKGROUND

Plaintiff filed this action on July 5, 2011 alleging violations of the Fair Debt Collection Practices Act and Rosenthal Fair Debt Collection Practices Act ("FDCPA" and "RFDCPA,"

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that this motion, which has been noticed for hearing on April 17, 2012, is appropriate for decision without oral argument. Accordingly, the Court VACATES the hearing set for April 17, 2012.

respectively). (Dkt. No. 1 ("Compl.").) In the Complaint, Plaintiff alleges that Defendant's abusive collection practices relate to the collection of a Bank One account. *Id.* ¶ 6. Defendant allegedly sent Plaintiff a number of collection letters and increased the amount of debt in the course of the letters. *Id.* ¶¶ 10–11. Plaintiff also disputed the debt in numerous writings. *Id.* ¶¶ 8–9. Defendant filed its answer on August 16, 2011. (Dkt. No. 5.) On December 28, 2011, Defendant filed a Motion for Summary Judgment ("MSJ") based on its contention that Plaintiff cannot prove that the Bank One account is a "debt" as defined in the FDCPA and RFDCPA. (Dkt. No. 18.) The Court found that the MSJ was premature because Plaintiff had not yet had the opportunity to pursue certain discovery that was essential to opposing the MSJ. (Dkt. No. 32.) The Court denied summary judgment without prejudice to Defendant re-filing the motion. *Id.*

The deadline to add additional parties or claims in this action occurred on November 17, 2011. (Dkt. No. 15.) The fact discovery cutoff is July 9, 2012, and the expert discovery cutoff is September 26, 2012. (Dkt. No. 27.) The deadline to hear dispositive motions is September 11, 2012. *Id.* A trial has been set for December 17, 2012. *Id.*

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." Where a schedule has been ordered, a party's ability to amend its pleading is governed by this good cause standard, not the more liberal standard of Rule 15(a)(2). *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). In order to determine whether good cause exists, courts primarily consider the diligence of the party seeking the modification. *Id.* at 609 (existence or degree of prejudice to opposing party might supply additional reasons to deny a motion); *see also Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). Courts also consider five factors when assessing the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. *Ahlmeyer v. Nevada Sys. of Higher Educ.*, 555 F.3d 1051, 1055 n.3 (9th Cir. 2009).

### III. DISCUSSION

The operative Complaint alleges violations of the FDCPA and RFDCPA. Compl. ¶¶ 13–18. The Proposed First Amended Complaint ("PFAC") adds claims for: (1) Violation of California's Invasion of Privacy Laws, Cal. Pen. Code section 632; (2) Violation of California's Constitutional Right to Privacy; and (3) Negligence Per Se. (Dkt. No. 35-1.) Each of these new claims is brought by Plaintiff and a California class against Defendant. *Id.* The proposed class is defined as: "[a]ll persons in California whose telephone conversations with [Defendant] were recorded by [Defendant] without their consent to the recording of their conversations." *Id.* ¶ 21. The previous FDCPA and RFDCPA claims remain brought only by Plaintiff, individually, against Defendant.

Plaintiff contends that she has good cause to amend the complaint because discovery in this action has revealed that Defendant secretly recorded telephone calls made to Plaintiff and that Defendant has a practice of not informing debtors that telephone calls are being recorded. Mot. at 3. Plaintiff further contends that she has been diligent in this action in seeking discovery for the production of any recordings and meeting and conferring with Defendant to resolve disputes over those requests. *Id.* at 4. She acted promptly to retain class counsel and to seek amendment once it became apparent that the Court's scheduling order could not be met with regard to the deadline for amending pleadings. *Id.* at 5.

In support of her Motion, Plaintiff primarily relies on *Kuschner v. Nationwide Credit, Inc.*, 256 F.R.D. 684 (E.D. Cal. 2009), in which a court permitted an additional pleading in a "substantially similar situation." Mot. at 5. Plaintiff states that she is in the process of preparing additional discovery regarding the illicit phone recordings, and expects to file a motion for class certification by June 5, 2012 (which is well in advance of the current July 9, 2012 discovery cut off). *Id.* at 6. She further states that a "potential change" to the trial date may be necessary. Reply at 2; Mot. at 6. According to Plaintiff, minimal discovery is needed prior to class certification. Reply at 3 ("Plaintiff should be able to obtain the limited discovery well in advance of the July 9, 2012 deadline.") In fact, she "can likely complete in a single deposition the discovery she needs prior to a motion for class certification." *Id.* at 4; *see also* Reply at 3–4 (stating that the certain requirements for class certification can also be established by a single interrogatory, at one deposition, or by simple "yes" or

3

"no" questions during a deposition). Because of this, there is supposedly no unfair prejudice to Defendant. Reply at 5.

Defendant, on the other hand, asserts that the PFAC is "unnecessary, would work a severe prejudice on [Defendant], and would be a waste of judicial resources because there is a class action alleging the same claims against [Defendant] that has been pending for a year in California state court." Opp. at 1. In that action (filed on April 1, 2011), significant discovery has occurred and a motion for class certification will be heard in November 2012. *Id.* at 1 & 6. The proposed amendment would "necessarily push back the deadlines in the Court's Scheduling Order" and, despite Plaintiff's characterizations, puts this litigation in a situation where "[d]iscovery requests must be served and responded to, depositions taken and defended, and potential motions to compel filed and opposed." *Id.* at 6. In other words, the undue burden placed on Defendant consists of having to respond to additional discovery, oppose class certification, and file dispositive motions under the current schedule.[2] *Id.*

With respect to the pending action in California state court, *Pepper v. Midland Credit Management, Inc.,* Case No. 37-2011-00088752-CU-BT-CTL ("*Pepper*"), Defendant asserts that it will be exposed to defending "two nearly identical lawsuits" and that Plaintiff's interests are represented in the *Pepper* class action. Opp. at 5. Defendant also claims there will be no prejudice to Plaintiff if this Motion is denied because she is able to litigate her class claims against Defendant in state court. *Id.* at 7.

While Plaintiff highlights her diligence in seeking amendment of the Complaint and focuses on whether she has "good cause," the Court notes that Plaintiff seeks more than a simple change to a scheduling order. Plaintiff's proposed amendment completely changes the nature of this entire action and the Court disagrees that the proposed amendment and necessary class discovery (including that needed by Defendant) are as simple as she contends. The PFAC seeks to substantially change the scope of this action by: (1) replacing a single plaintiff with potentially thousands of plaintiffs; (2) converting a debt collection action into a right of privacy class action with both constitutional and tort claims; (3) expanding the operative time period from 2010–2011 to an unspecified class period; and

---

[2] Defendant also notes that Plaintiff's Motion was filed approximately one month after this Court denied the MSJ "solely to permit Plaintiff to conduct discovery on the reason the debt was incurred." Opp. at 2.

4

(4) calling into question Defendant's business "pattern and practice[s]" at large as opposed to its conduct as to Plaintiff alone. *See* PFAC ¶¶ 21–30; Mot. at 3.

Further, the Court notes that Plaintiff's Motion is entirely focused on whether *she* can complete additional discovery before the close of discovery in July. She fails to take into consideration the discovery that Defendant will need to take to oppose the motion for class certification, prepare a motion for de-certification, and generally defend itself in the proposed class action. If the Court were to permit this amendment, the scope of issues presented, damages alleged, and evidence required to prove both types of claims will be substantially different than with the operative Complaint. In addition, this action has proceeded in this District since July 2011 with the Court's understanding that it was a relatively straightforward debt collection action. It is because of the straightforward nature of the operative Complaint that this Court (and the court that had the case prior to reassignment) set aside two days for trial in December 2012. Plaintiff's proposed amendment makes it very unlikely that this trial date can remain in place, and motions regarding class certification and de-certification and additional discovery will need to be taken into consideration in adjusting the entire schedule. *Both sides* must be permitted sufficient time to address class certification and develop their overall claims or defenses.

While it is true that *Kuschner* (upon which Plaintiff heavily relies in her Motion) involved underlying facts reminiscent of those at hand (*i.e.*, plaintiff alleged a violation of the FDCPA and defendant sought leave to file a counterclaim based on plaintiff recording phone conversations without defendant's consent), the proposed counterclaim did not add *class claims* based on the recorded conversations. *Kuschner*, 256 F.R.D. at 686–87. The desired addition of a class and three new claims is dramatically different than the proposed amendment in *Kuschner*, which arose "from the same transaction or occurrence as those comprising plaintiff's complaint." *Id.* at 689. While the alleged recordings of conversations with Plaintiff may have arisen from the same transaction or occurrence underlying the FDCPA and RFDCPA claims, the same cannot be said for the proposed class members.

Beyond the mere changing of the scheduling order, the Court has discretion to exercise supplemental jurisdiction over state law claims under 28 U.S.C. section 1367(a) & (c). *Acri v. Varian*

*Associates, Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997).  Supplemental jurisdiction under section 1367(a) may exist as to claims "that are so related to claims in the action within [the Court's] original jurisdiction [such] that they form part of the same case or controversy" and may include claims for joinder or intervention of additional parties.  A court may decline supplemental jurisdiction under subsection (a) if, among other reasons, the claim "substantially predominates over the claim or claims over which the district court has original jurisdiction."  28 U.S.C. § 1367(c)(2).  As drafted, the class claims in the PFAC now predominate over Plaintiff's FDCPA and RFDCPA claims.  The Court believes those claims will necessarily require significant adjustment to the current scheduling order, and that those state law claims will further become of the focus of the litigation.

In denying this Motion, the Court agrees with Defendant that the *Pepper* litigation will sufficiently represent Plaintiff's interests regarding the allegedly surreptitious phone recordings.  That action was filed on April 1, 2011 and discovery commenced in June 2011.  Written discovery has been propounded and responded to, and the hearing on a motion for class certification is scheduled for November 2012.  (Declaration of Edward D. Totino in Support of Defendant's Opposition (Dkt. No. 40-2) ¶¶ 2–4.)  Indeed, the court in *Pepper* set the November class certification hearing at a Class Action Case Conference conducted one year before, in November 2011.  *Id.*  This Court does not believe that judicial efficiency is served by attempting to insert a right of privacy class action within this individual debt collection action, where another class action has significantly progressed and is in a much more developed procedural posture compared to where this action would be.  Moreover, Plaintiff retains the option of filing her own class action in state court—there is nothing barring her from doing so.[3]

---

[3] Plaintiff contends that the *Colorado River* doctrine applies and requires this Court to have "full confidence" that the state action will adequately protect Plaintiff and absent class members.  Reply at 2 & 5–6.  However, *Colorado River* is a doctrine of abstention applicable to claims under the concurrent jurisdiction of federal and state courts.  *Krieger v. Atheros Communications, Inc.*, 776 F. Supp. 2d 1053, 1057–58 (N.D. Cal. 2011) (permitting a district court to abstain from exercising jurisdiction in favor of parallel state proceedings where doing so would serve the interests of wise judicial administration).  While abstention under the *Colorado River* doctrine is a narrow exception to the obligation of federal courts to exercise the jurisdiction given to them (*Krieger*, 776 F. Supp. 2d at 1057; Reply at 5–6), such analysis is inapplicable in this situation, where this Court is declining to exercise supplemental jurisdiction over state claims in response to a motion for leave to amend.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave of Court to Amend the Complaint is **DENIED**. This Order terminates Dkt. No. 35.

**IT IS SO ORDERED.**

Dated: April 16, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**