UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUISE FRISCO,<br><br>     Plaintiff,<br><br>vs.<br><br>MIDLAND CREDIT MANAGEMENT INC.,<br><br>     Defendant. | Case No.: 4:11-cv-3284-YGR (KAW)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO CONTINUE DISCOVERY CUTOFF** |

This case has been referred to the undersigned to resolve Plaintiff's motion to continue the discovery cutoff. Plaintiff requests a continuance of the fact discovery deadline in order to depose third party JP Morgan Chase's compliance officer. For the following reasons, Plaintiff's motion is granted.

## I.     Factual Background

Plaintiff alleges that Defendant Midland Credit Management violated the Fair Debt Collection Practices Act and Rosenthal Fair Debt Collection Practices Act. Dkt #1. Plaintiff alleges that Defendant was attempting to collect an alleged debt once owed to Bank One, although Plaintiff never obtained any loans from Bank One. *Id.* JP Morgan Chase is the successor in interest to the Bank One Account at issue. Dkt #57 at 2.

On February 9, 2012, Judge Gonzalez Rogers denied Defendant's motion for summary judgment without prejudice in order to allow Plaintiff to conduct additional discovery. Dkt #32 at 3-4. Defendant argued that Plaintiff could not prove that the Bank One account was a "debt" as defined by the FDCPA and FRDCPA, meaning that it was incurred "primarily for personal, family

or household purposes." Dkt #18 at 1, 3, 5, 8. Judge Gonzalez Rogers allowed Plaintiff to subpoena records from Chase, ruling that the records were "directly relevant to the issue of the 'debt' and, thus, essential in opposing the motion for summary judgment." *Id.*

Plaintiff issued a subpoena to Chase in February 2012. Dkt #57 at 2, 3. In April 2012, Plaintiff received documents from Chase indicating that the account at issue was an individual consumer credit card. *Id.* at 2. Chase provided no information regarding the nature of the charges on the credit card. *Id.* at 2, 3.

In early May 2012, Plaintiff noticed the deposition of Chase's compliance officer, Beth Henderson, for June 1, 2012. Dkt #57 at 3. The day before the deposition was scheduled to occur, Chase informed Plaintiff that it wanted to have a protective order in place before the deposition; that the deposition should be of "Beverly White," not "Beth Henderson"; that a valid subpoena had to be issued from the U.S. District Court from the Southern District of Indiana; and that it would not produce a deponent on June 1. *Id.* at 4.

On June 1, 2012, Chase circulated a proposed protective order to Plaintiff and Defendant. *Id.* On June 4, 2012, Plaintiff re-noticed the depositions for both Beverly White and Beth Henderson for June 20, 2012.[1] *Id.* On June 13, 2012, Chase's counsel objected to the subpoenas again on the grounds that no method for recording the testimony was specified; a protective order should be in place before the deposition; and the subpoena had not been issued by the U.S. District Court from the Southern District of Indiana. Dkt #52 at 14-17. On June 13, 2012, Plaintiff agreed to Chase's proposed protective order. Dkt #57 at 2. Defendant did not respond to the proposed protective order. *Id.* Plaintiff attempted to re-notice the depositions again on June 18, 2012. Dkt #57 at 4. On June 19, 2012, Chase again served objections. *Id.* On June 26, 2012, Chase told Plaintiff that Beverly White, the correct witness, would not be produced until a protective order was in place--which Defendant had still not agreed to--and that White was engaged with a family illness, and so Chase could not provide any proposed dates for a deposition. Dkt #57 at 3. On July 6, 2012, the last business day before the July 9, 2012, discovery cutoff, Plaintiff asked Defendant to approve the

---

[1] It appears that, probably due to a typographical error, this subpoena for Beth Henderson gave the date of June 1, 2012 for the deposition. *See* Dkt #52 at 14.

2

proposed protective order. *Id.* On July 9, Defendant responded that as discovery was closed, it would not approve the protective order. *Id.* This motion followed.

## II. Analysis

The fact discovery cutoff in this case was July 9, 2012. Dkt #27. This deadline may only be modified for "good cause." Fed. R. Civ. P. 16(b)(4). This standard is met if the deadline "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.*

As explained above, Plaintiff has been attempting to discover the information it seeks since the Court denied Defendant's motion for summary judgment in February of this year. Although five months have elapsed since that time, Plaintiff has been reasonably diligent in moving the process forward during this period, considering that she had to obtain and review the subpoenaed documents before attempting to depose Chase's compliance officer.

To be sure, Plaintiff could have taken more precautions to ensure that the depositions were completed in a timely manner. It also may have been Plaintiff's fault that the subpoenas to Chase's employees were defective. Even if the subpoenas had been valid, however, it appears that Beverly White's unavailability due to family matters would have prevented Plaintiff from timely taking the deposition.

Defendant contends that Plaintiff's motion should be denied because "[t]he discovery Plaintiff seeks is completely irrelevant." Dkt #57 at 6. In order to prevail under the FDCPA and FRDCPA, Plaintiff must prove that the Bank One account is a "debt," meaning that the charges on the account were incurred "primarily for personal, family, or household reasons." *Id.* Defendant asserts that, because "Chase has already said it has no statements reflecting charges on the account and neither Ms. White nor Ms. Henderson know the nature of the charges or why they were incurred," the deposition will not lead to any information that will assist Plaintiff in opposing summary judgment. *Id.*

1    The Court disagrees.  First, the scope of discovery is broad.  *See* Fed. R. Civ. P. 26(b)(1)
2    ("discovery [must only be] reasonably calculated to lead to the discovery of admissible evidence");
3    *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) ("The key phrase in this definition--
4    'relevant to the subject matter involved in the pending action'--has been construed broadly to
5    encompass any matter that bears on, or that reasonably could lead to other matter that could bear on,
6    any issue that is or may be in the case.").  Plaintiff should be entitled to fully explore and test
7    Chase's assertion that it lacks information regarding the charges on the account.  Second, Judge
8    Gonzalez Rogers found that "the subpoena to the original creditor[] is directly relevant to the issue
9    of the 'debt' and, thus, essential in opposing the motion for summary judgment."  The information
10   that Plaintiff now seeks through Chase's employee's deposition is the same information that she
11   previously sought through the subpoena.  Therefore, Defendant's argument that the discovery
12   Plaintiff seeks is irrelevant and will not allow Plaintiff to oppose summary judgment is foreclosed by
13   Judge Gonzalez Rogers' previous order.

14   Finally, Defendant's argument that Plaintiff will not be able to survive summary judgment
15   unless she obtains evidence directly proving that the credit from the Bank One account was used to
16   pay for personal, family, or household expenses is unconvincing.  Defendant claims that "testimony
17   from a Chase representative who will say the Bank understood the account was a consumer credit
18   card" is irrelevant to summary judgment.  Dkt #57 at 7.  But Defendant cites no persuasive authority
19   to support this position.  The Ninth Circuit has held that a "lender's motives [and] the fashion in
20   which the loan is memorialized are [not] dispositive of" whether a loan is a "debt" for the purposes
21   of the FDCPA.  *See Bloom v. I.C. Sys., Inc.*, 972 F.2d 1067, 1068 (9th Cir. 1992).  But even though
22   the lender's motives are not *dispositive*, they may still be relevant.  *See also Slenk v. Transworld*
23   *Sys., Inc.*, 236 F.3d 1072, 1075 (9th Cir. 2001) ("We have found it necessary when classifying a loan
24   to 'examine the transaction as a whole,' paying particular attention to 'the purpose for which the
25   credit was extended in order to determine whether [the] transaction was primarily consumer or
26   commercial in nature.'") (citations omitted).  The Bank One account, according to Chase, is an
27   individual consumer credit card as opposed to a corporate or business card, suggesting that the
28   purpose for which the credit was extended may not have been commercial in nature.  Therefore,

Plaintiff should not be prevented from attempting to obtain more information about the Bank One account, even if Chase claims that the actual account statements are unavailable.

Defendant further contends that if the discovery deadline is continued, it will be "substantially prejudiced," as it will be prevented from timely filing its motion for summary judgment, which is due on August 7, 2012. Dkt #57 at 6. As noted above, although the focus of the "good cause" analysis is whether the moving party has been diligent, prejudice to the opposing party might also affect the analysis. Here, any prejudice is slight. If the timing of this deposition prevents Defendant from timely filing its motion for summary judgment, Defendant can seek an extension of time to do so.

### III.   Conclusion

The Court finds that good cause exists for the requested extension of time. Plaintiff is granted 30 days from the date of this order to depose JP Morgan Chase's compliance officer.

It is so ORDERED.

**DATE: July 23, 2012**

_Kandis Westmore_

**KANDIS A. WESTMORE**
**UNITED STATES MAGISTRATE JUDGE**